THOMAS W. PHILLIPS & others *vs.* WILLIAM H. BORDMAN.

An injunction will be granted to restrain the owner of one half of an ancient solid party wall, long used for the support of buildings erected on each side of it, from cutting away a portion of its face, and erecting a new wall upon his own land at a distance of two inches from that portion of the ancient wall which is left standing, and connected with it by occasional projecting bricks and ties.

BILL IN EQUITY, praying for an injunction to restrain the defendant from cutting away a portion of an ancient solid party wall, lying between the estates of the plaintiffs and defendant on Washington Street in Boston, and long used for the support of buildings upon each side of it.

The case was reported by the chief justice for the determination of the whole court; and the evidence is sufficiently stated in the opinion, with the exception of a letter from the solicitor of the defendant to the solicitor of the plaintiffs, dated September 23, 1858, the same day on which the bill was filed, the material portion of which was as follows: " In reply to the other complaint, . . . . touching the cutting off from the old wall, and to the question . . . . touching the projecting of a brick here and there, . . . . I would say, that you have been misinformed as to the object of the ' projecting bricks here and there.

They are projected two inches beyond the face of Mr. Bordman's wall, and to the dividing line, by being 'toothed in' to the portion of the old wall which is not being removed, and which, with the wall on your land, supports your timbers.   Mr. Bordman has set his wall two inches from the dividing line, but intends to afford by it, and by the projecting bricks, the lateral and the perpendicular support to which your estate is entitled. . . . . By the present use of these two inches for the projecting bricks, he affords the easement of support which your estate has acquired, and to which it is entitled, so long as your present wall remains standing."

*G. W. Phillips,* for the plaintiffs, cited *Matts* v. *Hawkins,* 5 Taunt. 20 ; *Sherred* v. *Cisco,* 4 Sandf. 480 ; *Partridge* v. *Gilbert,* 3 Duer, 184, 202 ; *Cubitt* v. *Porter,* 8 B. & C. 257, 263 ; *Wiltshire* v. *Sidford,* 1 Man. & Ry. 404 ; 3 Kent Com. (6th ed.) 437 ; *Campbell* v. *Mesier,* 4 Johns. Ch. 334 ; S. C. 6 Johns. Ch. 21.

*R. Olney,* for the defendant, cited, in addition to some of the cases cited by the plaintiffs, *Wigford* v. *Gill,* Cro. Eliz. 269 ; *Murly* v. *McDermott,* 8 Ad. & El. 138 ; *Eno* v. *Del Vecchio,* 4 Duer, 53 ; S. C. 6 Duer, 17 ; *Partridge* v. *Gilbert,* 15 N. Y. 601 ; *Atkins* v. *Bordman,* 2 Met. 457 ; *Prescott* v. *White,* 21 Pick. 341 ; *Pomfret* v. *Ricroft,* 1 Saund. 321.

BIGELOW, C. J.   The issue in the present case is a very narrow one.   It is clearly proved, by the evidence offered by the plaintiffs, that the wall, which is the subject of controversy between the parties, is a very ancient one, and has long been used as a party or division wall between the two estates, in which each owner has exercised the right, privilege and easement of support for his timbers and other materials constituting the buildings erected on each side thereof.   The defendant offered no evidence to control or contradict this fact.

The only question therefore is, whether, at the time the bill was filed and the temporary injunction was obtained, the defendant had done or was threatening to do any act which tended to impair or destroy the right or easement of the plaintiffs in the structure composing the wall.   If such was the fact, then it is

clear that they have a plain right to equitable relief. Now without undertaking to explain or reconcile the contradictions in the testimony of the witnesses adduced by the respective parties at the hearing, it seems to us to be apparent by the distinct admission of the defendant, through his authorized agent and attorney, Mr. Guild, in the letter of September 23, 1858, addressed to the plaintiffs' solicitor, that, at the time the bill was filed, he had done and was proceeding to do acts which were calculated to destroy the nature and character of the structure between the two estates as a solid party wall, and to convert it into two separate and distinct structures, connected together only at intervals by projecting bricks or ties. The mode of doing this was by cutting four inches in thickness from the northerly side or surface of the old wall, and building a new wall on the defendant's land, two inches from the dividing line. It was by this new structure, thus separated from the portion of the old wall which had not been cut away, and connected with it only by occasional ties or bricks, that Mr. Guild informs the plaintiffs they were to have " the lateral and perpendicular support to which their estate was entitled." The right which the plaintiffs had was an easement of support in a solid party wall. The acts of the defendant tended to destroy this right. If he could cut off the old wall in part, and erect a new one separate from it at a distance of two inches, and connected with it only by occasional supports or ties, he might in like manner erect his new wall at a distance of two feet or two yards, and connect it with the residue of the old wall by ties of stone or wood. After such an alteration as that made by the defendant, the plaintiffs' estate might be as strong and well supported as before, but it would cease to be upheld or sustained by the ancient party wall — a solid structure — such as the plaintiffs had from time immemorial enjoyed. Under the most liberal rule of allowing an adjoining owner to alter and repair a partition wall to suit his own convenience and to adapt it to his wants in erecting a new building or repairing an old one, no case goes so far as to authorize acts to be done by him which in effect destroy the character of the structure as a party wall.

Such, we think, was the tendency of the acts done by the defendant when the plaintiffs' bill was filed. They are therefore entitled to a decree that the wall in controversy was an ancient party wall, and that the injunction heretofore granted in this case should be made perpetual. See *Matts* v. *Hawkins,* 5 Taunt. 20, 23; *Cubitt* v. *Porter,* 8 B. & C. 263; *Partridge* v. *Gilbert,* 3 Duer, 184; 3 Kent Com. (6th ed.) 437.

*Decree accordingly.*